NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAWRENCE STRYKER,<br><br>                    Plaintiff,<br><br>     v.<br><br>HI-TEMP SPECIALTY METALS, INC.,<br><br>                    Defendant. | Civil Action No.: 11-cv-6384<br><br>**OPINION & ORDER** |

**CECCHI, District Judge.**

Before the Court is Defendant's motion to hold Plaintiff in contempt of this Court's March 2, 2012 Order. (ECF No. 45). The March 2, 2012 Order states that "[Plaintiff's] purchase and sale of **virgin** refractory metals obtained from ore will not violate the Restrictive Covenant." (ECF No. 20). Defendant argues that Plaintiff is in contempt of this Order when he deals in **scrap** refractory metals. (Def. Br. at 1). Plaintiff is not.

To prove civil contempt a movant must show "(1) a valid court order existed, (2) the defendant had knowledge of the order, and (3) the defendant disobeyed the order." John T. ex rel. Paul T. v. Del. Cnty. Intermediate Unit, 318 F.3d 545, 522 (3d Cir. 2003). A corollary of the second element is that "a contempt citation should not be granted if 'there is ground to doubt the wrongfulness of' the defendant's conduct." Harris v. City of Phila., 47 F.3d 1311, 1326 (3d Cir. 1995) (quoting Quinter v. Volkswagen of Am., 676 F.2d 969, 974 (3d Cir. 1982)). In other words, the "resolution of ambiguities ought to favor the party charged with contempt." Id.

The plain language of the Order permits Plaintiff to purchase and sell virgin refractory

metals; it does not forbid the sale of scrap refractory metals. Thus, even if Defendant is correct that Plaintiff engaged in the sale of scrap, his conduct did not disobey the Order, and so he may not be held in contempt.

Defendant does not argue that the Order alone clearly forbids the sale of scrap metal. Instead, Defendant argues that the Opinion accompanying the Order discussing the Restrictive Covenant at issue was "incorporated by reference into the Order" and together they forbid the sale of scrap. (Def. Rply. at 11). In essence, Defendant invites the Court to read an injunction enjoining Plaintiff from the sale of scrap into its Opinion and Order. The Court declines to do so.

The language Defendant claims forbids Plaintiff from selling scrap states, in most relevant part, that "to the extent that [Plaintiff's company] will deal only in virgin refractory metals obtained from ore, [Plaintiff's] ownership and operation of that company will not violate the Restrictive Covenant." Stryker v. Hi-Temp Specialty Metals, Inc., No. 11-cv-6384, 2012 WL 715179, at *7 (D.N.J. Mar. 2, 2012). However, this merely states an action that will not violate the Restrictive Covenant. It does not go beyond ordering that Plaintiff's purchase and sale of virgin refractory metals obtained from ore will not violate the Restrictive Covenant. The fact that the language is in the Opinion, not the Order, would make a finding of contempt even more tenuous—especially in light of the plain mandate in the Order. In other words, Defendant's reading the Opinion and Order together to enjoin the sale of scrap does not overcome the Third Circuit mandate that the "resolution of ambiguities ought to favor the party charged with contempt." Harris, 47 F.3d at 1326.

Accordingly, it is hereby:

**ORDERED** that Defendant's Motion to hold Plaintiff in contempt (ECF No. 45) is DENIED.

DATED: February 27, 2014                              */s/ Claire C. Cecchi*
                                                                  **CLAIRE C. CECCHI, U.S.D.J.**